UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.

**DONNA DEMPS**

Case Number. 8:16-cr-89-T-17TGW
USM Number: 67889-018

Serbo C. Simeoni, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty to Counts One, Two, Three and Four of the Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | February 15, 2012 | One |
| 18 U.S.C. § 1343 | Wire Fraud | August 22, 2012 | Two |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | February 15, 2012 | Three |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | August 22, 2012 | Four |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One, Two and Three of the underlying Indictment are dismissed on government's motion.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

February 3, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

February 3RD, 2017

Donna Demps
8:16-cr-89-T-17GW

## IMPRISONMENT

    The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED and TWENTY-FIVE (125) MONTHS**. This term consists of **ONE HUNDRED and ONE (101) MONTHS** on each of Counts One and Two, and a term of **TWENTY-FOUR (24) MONTHS** on Counts Three and Four, to run **CONSECUTIVELY** to Counts One and Two.

The Court makes the following recommendations to the Bureau of Prisons:

1. 1st choice of incarceration: Coleman, FL
2. Immediate medical examination for variety of medical problems. See her medical records.
3. Mental health counseling and counseling regarding adjustment to federal prison.

    Defendant may voluntarily surrender at the institution designated by the Bureau of Prisons. The defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                     _____
                                                        UNITED STATES MARSHAL

                                    By: _____
                                                          Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Donna Demps
8:16-cr-89-T-17GW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. This term consists of a **THREE (3) YEAR** term as to Counts One and Two and **a ONE (1) YEAR** term as to Counts Three and Four, all such terms to run **CONCURRENTLY**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
6. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
7. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Donna Demps
8:16-cr-89-T-17GW

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____      Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Donna Demps
8:16-cr-89-T-17GW

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

- The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services. Court will require a regular (90 day) report regarding same until Court determine to terminate this reporting requirement.

- Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

- Defendant shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $400.00 | N/A | Waived | $125,801.76 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Loss****  | **Restitution Ordered** |
|---|---|---|
| Internal Revenue Service | $125,801.76 | $125,801.76 |

## SCHEDULE OF PAYMENTS

Defendant shall pay restitution in the amount of $125,801.76 to the Department of Treasury, Internal Revenue Service. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a UNICOR job. *Upon release from custody*, the defendant shall make monthly payments of no less than $150.00, and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability pay interest and the Court waives the interest requirement for the restitution.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

**Donna Demps**
**8:16-cr-89-T-17GW**

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Amended Forfeiture Money Judgment, that are subject to forfeiture.

---

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 8:16-cr-89-T-17TGW

DONNA DEMPS

### AMENDED FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for an amended forfeiture money judgment against the defendant in the amount of $106,965.66.

Being fully advised of the relevant facts at sentencing, the Court hereby finds that the defendant obtained at least $106,965.66 in proceeds from the wire fraud scheme, for which she was found guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for a forfeiture money judgment in the amount of $106,965.66.

Case No. 8:16-cr-89-T-17TGW

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 3RD day of FEB., 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

2